NII.12319

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HOPE GRIFFIS, Individually and as** | § | |
| **Next Friends of A.L.L., A Minor** | § | |
| | § | |
| | § | **Case No.** _____ |
| **v.** | § | |
| | § | |
| **AHMED WARSAME AND CARGO** | § | |
| **SOLUTIONS EXPRESS, INC.** | § | |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

Pursuant to 28 U.S.C. § 1446(a), attached hereto are the following complete true and

correct copies of all documents filed in the state court action:

1. Plaintiff's Original Petition with Request for Discovery (10.06.20)
2. Proposed Order 106 (3.12.21)
3. Motion for Substitution of Service (3.12.21)
4. Solders & Sailors Affidavit (3.12.21)
5. Transmittal Letter to the Clerk (4.14.21)
6. Affidavit of Service to Cargo Solutions, Inc. (5.11.21)
7. Defendant Cargo Solutions Express, Inc. Original Answer (5.14.21)

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P.

/s/ Michael P. Sharp

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**ADAM J. STRANGE**
State Bar No. 24090763
astrange@feesmith.com
**FEE, SMITH, SHARP & VITULLO, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 (Fax)
**ATTORNEYS FOR CARGO SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 14th day of May, 2021.

William E. Hymes
Michael Hindman
Loncar & Associates
424 S. Cesar Chavez Blvd
Dallas, TX 75201
214-747-0422
Fax: 214-393-6492

/s/ Michael P. Sharp

**Michael P. Sharp**

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/54e13c6fd5665f35b53cd3753f663b5c

## Case Information

# HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.L., MINOR vs. AHMED WARSAME and CARGO SOLUTION EXPRESS, INC.

89254

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Hunt County - 196th District Court | Civil - Injury or Damage | Motor Vehicle Accident | 10/6/2020 |

Judge
Bench, J. Andrew

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | HOPE GRIFFIS | MICHAEL HINDMAN |
| Defendant | CARGO SOLUTION EXPRESS, INC. | |
| Defendant | AHMED WARSAME | |

## Events ⑥

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 10/6/2020 | Filing | Petition | PLAINTIFF?S ORIGINAL PETITION WITH REQUEST FOR DISCOVERY | POP_Discovery.pdf |
| 3/12/2021 | Filing | Proposed Order | | Order 106.pdf |
| 3/12/2021 | Filing | Motion (No Fee) | MOTION FOR SUBSTITUTION OF SERVICE | MOT for Sub of Serv 1.pdf |
| 3/12/2021 | Filing | No Fee Documents | SOLDIERS & SAILORS AFF | Soldiers and Sailors Aff.pdf |
| 4/14/2021 | Filing | No Fee Documents | | Letter to the Clerk.pdf |
| 5/11/2021 | Filing | No Fee Documents | RETURN OF SERVICE | Aff of Service.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.4.0.3179


EMPOWERED BY
TYLER TECHNOLOGIES

Filed 10/6/2020 5:45 PM
Susan Spradling,
District Clerk
Hunt County, Texas
RC

CAUSE NO. 89254

| | | |
|---|---|---|
| HOPE GRIFFIS INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF A.L.L., | § | |
| MINOR | § | |
|     Plaintiffs, | § | |
| | § | Hunt County - 196th District Court |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| AHMED WARSAME and, | § | |
| CARGO SOLUTION EXPRESS, INC | § | DALLAS COUNTY, TEXAS |
|     Defendants. | § | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

      NOW COME **HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.L. A MINOR**, hereinafter called Plaintiffs, complaining of and about **AHMED WARSAME AND CARGO SOLUTION EXPRESS, INC.**, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

      1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

      2.    Plaintiffs **HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.L. A MINOR** are individuals residing in Hunt County, Texas.

      3.    Defendant **AHMED WARSAME** is an Individual who is a resident of Minnesota and may be served with process by serving him at his residence located at 1247 Saint Anthony Avenue, Apt. 1621, Saint Paul, MN 55104-53898, or wherever he may be found.

      4.    Defendant, **CARGO SOLUTION EXPRESS, INC.** is a foreign corporation conducting business in Ohio and/or California that may be served with process through its designated registered agent, Bobby Kang at: 4540 Fisher Road, Columbus, OH 43228, or wherever it may be found.

      5.    Service of said Defendants as described above will be effected by personal delivery by

private process server.  <u>Plaintiff requests that the Clerk issue citation to Plaintiff's counsel for delivery to private process server</u>.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court. Pursuant to TRCP 47(c), the Plaintiffs states that they seek only monetary relief over $250,000 but not more than $1,000,000.

7.      This court has jurisdiction over the parties because Defendant is a Texas resident.

8.      Venue in Hunt County is proper in this cause because the incident made the basis of this suit occurred in Hunt County, Texas.

## FACTS

9.      On or about October 13, 2018, Plaintiff Hope Griffis was operating her vehicle a 2011 Cadillac Escalade westbound on FM 1903 heading towards I-30 in Caddo Mills, Hunt County, Texas, Plaintiff, minor child A.L.L was a passenger in the vehicle. Defendant Ahmed Warsame was the operator of a Volvo Tractor Trailer traveling on FM 1903 towards I-30 when without warning failed to operate his vehicle as an ordinary, prudent person in the same or similar circumstances would, failed to yield the right of way out of a truck stop which resulted in a collision.

10.     As a result of the accident described herein, Plaintiffs suffered serious injuries that required medical treatments. The treatment sought by Plaintiffs were reasonable and necessary for the injuries they sustained. The impact of the collision was proximately caused by the negligence of Defendant and the injuries Plaintiffs suffered were proximately caused by this collision.

11.     At the time of the collision, Defendant AHMED WARSAME was the operator of a tractor trailer which was owned and/or leased by Defendant **CARGO SOLUTION EXPRESS, INC.**

12. Defendant AHMED WARSAME was acting in the course and scope of his employment with his employer, Defendant CARGO SOLUTION EXPRESS, INC.

## Negligence of Defendant AHMED WARSAME

13.  Plaintiffs contend that, on the occasion in question, Plaintiffs' injuries and damages were proximately caused by the negligent acts and/or omissions of the Defendant AHMED WARSAME because Defendant AHMED WARSAME had a duty to the Plaintiffs and Defendant AHMED WARSAME violated the duty, which he owed to Plaintiffs, to exercise ordinary care in the operation of his motor vehicle in at least the following particulars:

A.  Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

B.  Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

C.  Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

D.  Failing to turn his vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

E.  Failing to operate his vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances;

F.  Failing to abide by, and adhere to, applicable traffic laws, such as a person of ordinary care would have done under the same or similar circumstances;

G.  Failure to read and follow the company policies and procedure;

H.  Failure to obtain the necessary training, education, and knowledge to safely operate the truck in question;

I.  Operating the vehicle while over fatigued;

J.  Changing lanes when unsafe in violation of Texas Transportation Code §545.060; and

K.  Failing to drive as nearly as practical entirely within a single lane in violation of Texas Transportation Code §545.060.

14.  Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

## Negligence of Defendant CARGO SOLUTION EXPRESS, INC.

15.  On the occasion in question, Defendant AHMED WARSAME was an employee of Defendant CARGO SOLUTION EXPRESS, INC. and/or driving a vehicle owned and/or leased by Defendant CARGO SOLUTION EXPRESS, INC.

16.  Defendant CARGO SOLUTION EXPRESS, INC. negligently entrusted the vehicle to Defendant AHMED WARSAME.  Further, Defendant CARGO SOLUTION EXPRESS, INC. negligently hired, negligently trained and negligently supervised Defendant AHMED WARSAME. Defendant CARGO SOLUTION EXPRESS, INC.was negligent, without limitations, in the following particulars:

A.      Failing to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor-trailer on the roadway of the State of Texas;

B.      Failing to conduct a proper background check;

C.      Failing to sufficiently inquire into Defendant AHMED WARSAME'S qualifications, training, and competency before hiring him;

D.      Failing to provide the necessary and proper training to Defendant AHMED WARSAME'S regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, and in all matters regarding the proper and safe operation of a truck and the maintenance of a truck in various situations;

E.      Failing to demonstrate its safety policies and procedures to Defendant AHMED WARSAME'S;

F.      Failing to provide and/or require regular follow-up driver education and training;

G.      Failing to monitor Defendant AHMED WARSAME'S to make sure that he was complying with policies and procedures;

H.      Failing to interview and test Defendant AHMED WARSAME'S to make sure he read and was familiar with, understood, and followed the company policies and procedures;

I.      Failing to document attendance and topics discussed at any safety meeting and/or course instruction;

J.      Failing to require attendance at any safety meetings or instruction;

K.      Failing to discipline, supervise, remedy, and train Defendant;

L.      Failing to train, reprimand, supervise, and remedy any deficiencies in Defendant AHMED WARSAME, as a driver;

M.   Failing to monitor and document the number of accidents, moving violations, speed of a particular violation, and fault of a violation and/or accident involving Defendant A AHMED WARSAME;

N.   Failing to properly document citations, moving violations, accidents, and violation of policy by Defendant AHMED WARSAME and/or other employees;

O.   Failing to conduct regular and required review of Defendant AHMED WARSAME Performance;

P.   Failing to require and maintain records of violations by Defendant AHMED WARSAME;

Q.   Failing to require Defendant AHMED WARSAME to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook, and the Texas Transportation Code;

R.   Failing to maintain a driver qualification file on Defendant; and

S.   Providing a truck to Defendant AHMED WARSAME who was not properly trained and did not have the proper education, background, training, or experience to safely operate the tractor/trailer, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and Federal Regulations and Guidelines.

17.  Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

## DAMAGES FOR PLAINTIFFS

18.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered bodily injuries, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were provided;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment in the future;

G.   Physical disfigurement in the past;

    H.     Physical disfigurement in the future;

    I.     Loss of Wages; and

    J.     Loss of Earning Capacity.

## PLAINTIFFS' REQUEST FOR DISCOVERY

**A.  Request for Disclosure**

Defendants are hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(i) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**B.  Interrogatories**

Defendants are hereby requested to answer, within fifty (50) days of service this petition and incorporated request, the interrogatories attached hereto as "Exhibit A," separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**C.  Request for Production**

Defendants are hereby requested to produce, within fifty (50) days of service of this petition and incorporated request the documents and tangible items in the list attached hereto as "Exhibit B," pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**D.  Request for Admissions**

Defendants are hereby requested to admit or deny, in writing, within (50) days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit C," pursuant to Rule 198 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,



By:  /S/ Michael Hindman
     Michael Hindman
     State Bar No. 24000267
     mhindman@loncarassociates.com
     424 S. Cesar Chavez Blvd.
     Dallas, Texas 75201
     Phone No.  (214) 747-0422
     Fax No.     (214) 393-6565
     **ATTORNEY FOR PLAINTIFF**

## PLAINTIFFS' REQUEST FOR INTERROGATORIES
## TO DEFENDANT AHMED WARSAME

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer the Defendants named herein, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendants, whether authorized to do so or not.

2.      As used herein, the term "collision" refers to the collision that occurred on October 13, 2018, on FM 1903 heading towards I-30 in Caddo Mills, Hunt County, Texas and that makes the basis of this suit.

3.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

4.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

5.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

6.      "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)     the title, heading, or caption, if any, of such document;

(ii)     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)     the physical location of the document and the name of its custodian or custodians.

7.     "Settlement": as used herein, means:

(a)     an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

       (b)     any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

       (c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

   8.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to October 13, 2018 and including the present date.

**INTERROGATORIES**

1.     Please state any and all traffic violations you have had in the ten (10) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER**:

2.     Please state whether you have had any other motor vehicle accidents in the past ten (10) years. If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER**:

3.     List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

4.     State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:

5.     Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken. If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photograph the same.

**ANSWER**:

6.     Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow Plaintiff to inspect and copy or photograph the same.

**ANSWER**:

7.      Were any tests, inspections or measurements made or taken with respect to the collision scene or any object involved? If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.

**ANSWER:**

8.      Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, servant or employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**

9.      Do you contend that any personal injuries or damages sustained by Plaintiff were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER:**

10.     If you contend that you should not be responsible for paying for any part the medical expenses Plaintiff incurred as a result of the incident made the basis of this suit, please identify which of his bills you should not be responsible for and state the reasons why you should not be responsible for paying them.

**ANSWER:**

11.     If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of either Plaintiff or Defendant.

**ANSWER:**

12.     State the name of any cell phone provider of any cell phone used by you at the time of the incident made the basis of this suit, the cell phone number, who was using your cell phone at the time of the collision, to whom you were speaking to at the time of the collision and the name of the person who receives the bill for the cell phone.

**ANSWER:**

13.     Please state your employer at the time, your intended destination at the time of the accident made the basis of this suit, from where you had started this trip, the purpose of your trip, and what stops, if any, you had made prior to this accident.

**ANSWER**:

14.     Do you contend that there were any obstructions to visibility for any of the vehicle operators? If so, indicate what the obstructions were immediately before the collision and how the obstructions contributed to the collision in question.

**ANSWER**:

15.     Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

16.     If you contend that Plaintiff did not suffer an injury in this collision, please describe the factual basis for this contention.

**ANSWER**:

17.     If you contend that any of Plaintiff's medical treatment was not medically necessary or any of the charges for his treatment were not reasonable for the time and place at which they were provided, please describe the factual basis for this contention.

**ANSWER**:

<u>VERIFICATION</u>

STATE OF TEXAS                                    §
                                                 §
COUNTY OF _____                              §

      BEFORE ME, the undersigned authority, personally appeared _____, who

stated, upon oath, that the statements made in the foregoing instrument are within his personal knowledge

and are true and correct.

_____

AHMED WARSAME

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

_____

Notary Public, State of Texas

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTIONS TO DEFENDANT AHMED WARSAME

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean the Defendant named herein, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.      As used herein, the term "collision" refers to the collision that occurred on October 13, 2018, on FM 1903 heading towards I-30 in Caddo Mills, Hunt County, Texas and that makes the basis of this lawsuit.

3.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

4.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

5.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

6.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from October 13, 2018 through the date of production of documents requested herein.

## DOCUMENTS TO BE PRODUCED

1.    All photographs taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2.    All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3.    All photographs taken of Plaintiffs which may be in the possession, constructive possession, custody or control Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4.    All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiffs which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6.    All written statements made by the Plaintiffs in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.    All oral statements made by Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8.    A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9.    Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

10.    Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiffs' lawsuit.

11.    Please provide a copy of your driver's license.

12.    Please produce a copy of Defendant's detailed cellular phone bill that would show detailed phone usage on October 13, 2018 for any cell phone owned or used by Defendant at the time of the collision.

13.    All documents reflecting agreements to pay and / or payments made to any expert witness, including any medical provider who has created a controverting affidavit in this case.

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AHMED WARSAME

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to Defendant, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.     "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

3.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to October 13, 2020 and including the present date.

**REQUESTS FOR ADMISSION TO DEFENDANT AHMED WARSAME**

1.  On October 13, 2018, you were driving the tractor trailer that collided with the 2011 Cadillac Escalade driven by Plaintiff.

ADMIT OR DENY: _____

2.  The collision referenced in Request for Admission #1 was a result of your failure to yield the right of way to Plaintiffs.

ADMIT OR DENY: _____

3.  Plaintiffs suffered injuries in the collision referenced in Request for Admission #1.

ADMIT OR DENY: _____

4.  That you have no factual basis to dispute that Plaintiffs suffered injury in the collision referenced in Admission #1.

ADMIT OR DENY: _____

5.  You believe that, when it comes to your own medical care, you would not want a doctor who has never met you or examined you and was not personally responsible to you for your care to make decisions about what care you need.

ADMIT OR DENY: _____

6.  You were solely at fault in the collision.

ADMIT OR DENY: _____

7.  You wouldn't think it was fair if someone who injured you had a doctor, they hired to decide what care you need for your injuries.

ADMIT OR DENY: _____

8.  The collision was a result of your inattentiveness.

ADMIT OR DENY: _____

9.  At the time of the collision, you were operating your cell phone.

ADMIT OR DENY: _____

10. Plaintiffs' damages are a direct result of your negligence.

ADMIT OR DENY: _____

11. When it comes to your medical care, you believe it is in your best interest to follow the instructions of your treating physician.

ADMIT OR DENY: _____

**PLAINTIFFS' REQUEST FOR INTERROGATORIES
TO DEFENDANT CARGO SOLUTION EXPRESS, INC.**

### DEFINITIONS AND INSTRUCTIONS

    1.    As used herein, the terms "you" and "your" shall refer the Defendant named herein, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

    2.    As used herein, the term "the truck" refers to the Freightliner truck (VIN # 4V4NC9EH6FN911952).

    3.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

    4.    In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

    5.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

    6.    "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)    the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

7.    "Settlement": as used herein, means:

(a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)    any resolution of the differences between the plaintiff and defendant by loan to the

plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

8.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to October 13, 2018 and including the present

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT CARGO SOLUTION EXPRESS, INC.**

1.      Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

ANSWER:

2.      Please state the name and address of the owner(s) of the subject vehicle operated by Defendant AHMED WARSAME on the date of the subject incident (include in your answer all owners of any trailers that were attached to the tractor).

ANSWER:

3.      Please state whether the Defendant AHMED WARSAME was employed by you on the date of the collision.  If so, describe his position and when he began working for you. If not, describe his relationship to your company.

ANSWER:

4.      If Defendant AHMED WARSAME was not acting within the course and scope of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

ANSWER:

5.      Immediately following the subject incident, please state:

a.      the person at your company who was first notified of the accident.
b.      the date and time this person was notified.
c.      whether anyone at your company created a written record of the accident,  and if so, whom
d.      whether this record kept in any Vehicle Accident Investigation File or its equivalent
e.      whether this record kept in the ordinary course of business

ANSWER:

6.      Other than the incident at issue, please list all other incidents involving alleged personal injury in which Defendant AHMED WARSAME has been involved, as an operator.

ANSWER:

7.      What maintenance had been performed on the subject vehicle for the 6 months prior to the

collision.  For each such maintenance, please list the following.

      a.     what prompted the maintenance visit;
      b.     who performed the maintenance;
      c.     who diagnosed the necessity for maintenance;
      d.     what diagnoses was rendered;
      e.     when were the repairs performed;
      f.     what, if any, parts were replaced; and,
      g.     did the problem reoccur? If so, when?

ANSWER:


8.     Describe any and all loads contained within the subject vehicle operated by Defendant AHMED WARSAME on the date of the subject incident, and include in your answer the number of stops, the location of each stop and the time of arrival and departure for each stop.

ANSWER:


11.     Please state the number of hours Defendant AHMED WARSAME worked from February 21, 2018 through October 13, 2018, including the dates worked, hours worked on each date (including starting and ending times), duties during the month, rate of pay during the month, and the number of miles driven during that period of time for you.

ANSWER:


11.     Please describe any and all training provided to Defendant AHMED WARSAME from the beginning of his working relationship with you to the present.  Please include the date(s) of said training, the name, address and telephone number of the instructor(s) involved, the length of all training sessions and the method(s) in which the training was presented (i.e. video, manual, lecture, etc.)

ANSWER:


13.     If it is your contention that your company does not own the subject vehicle, did your company make an inspection of the subject vehicle at the time it took possession.

ANSWER:


14.     If you contend that any personal injuries or damages sustained by Plaintiffs were caused by an occurrence other than this accident, such as (but not limited to) a disease, physical condition, or unrelated injury either before or after the incident made the basis of this case, please provide the information detailing the other occurrence, disease, injury, or condition.
ANSWER:

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTIONS TO DEFENDANT CARGO SOLUTION EXPRESS, INC.**

**DEFINITIONS AND INSTRUCTIONS**

1.      As used herein, the terms "you" and "your" shall mean the Defendant named herein, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.      As used herein, the term "the truck" refers to the Freightliner truck (VIN # 4V4NC9EH6FN911952).

3.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

4.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

5.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

6.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from October 13, 2018, through the date of production of documents requested herein.

## DOCUMENTS TO BE PRODUCED

1. All photographs taken in connection with Plaintiffs' cause of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2. All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3. All photographs taken of Plaintiffs which may be in the possession, constructive possession, custody or control Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiffs which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5. All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6. All written statements made by the Plaintiffs in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7. All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiffs which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

10. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

11. Any and all contractual or legal agreements between you and Defendant AHMED WARSAME pertaining to his current and past employment, whether with you or any other entity or person. This includes any contractual or legal agreements between you and any other person or entity which you claim affects Defendant's status, rights, duties or obligations with you or any other person or entity.

12. Any and all vehicle manuals, operating manuals, or other instructions or guidelines referring or relating to the operation or use of the tractor-trailer or any equipment located on or in the truck.

13. Any and all manuals, handbooks, operating guidelines, policies, procedures, pamphlets, memos, or other documents relating to employees, safety or equipment operation in effect at the time of the collision.

14. Any and all maintenance logs or vehicle inspection records regarding the truck created by you or any other person or entity in the two years prior to October 13, 2018.

15. Any and all documentation, including accident reports, internal or external investigations, or other notes pertaining to automobile accidents involving any vehicle driven by Defendant AHMED WARSAME while in your employ.

16. Any and all documentation, including accident reports, internal or external investigations, or other notes pertaining to automobile accidents involving the truck for the past ten years.

17. Any and all documents memorializing any citations, warnings, or fines issued by any governmental or regulatory body to you or your drivers pertaining to driver operations, automobile regulations, safety, or legal compliance.

18. All records of any communications, including transcripts, notes, memoranda, electronic and digital records, between Plaintiff and you (including your agents, servants, employees, and independent contractors) for the 48 hour period before and after the collision on October 13, 2018.

19. All records, including logs, notes, memoranda, electronic and digital records of the geographic position and status (including speed and direction of travel) of the truck driven by Plaintiffs for the 48 hours prior to and including the collision on October 13, 2018.

20. All documents detailing the chain of custody of the truck immediately after the collision on October 13, 2018 to the present.

21. All vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Pegasus Trucking, Inc., and Pegasus Trucking Services, Inc. from thirty days prior to the subject collision to thirty days subsequent to the collision.

22. All reports, notes, data, and other documents that comprise an investigation of the cause or circumstances of the October 13, 2018 collision, including technical investigations of the truck.

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CARGO SOLUTION EXPRESS, INC.**

**DEFINITIONS AND INSTRUCTIONS**

1.      As used herein, the terms "you" and "your" shall refer to Defendant, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

2.      "Person":   The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

3.      "Settlement," as used herein, means:

(a)      an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein;

(b)      any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant;

(c)      "Mary Carter Agreements" as that term is used under Texas Law.

4.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

5.      As used herein, the term "the truck" refers to the Freightliner truck (VIN # 4V4NC9EH6FN911952).

## ADMISSIONS

The matters in which you are requested to admit or deny are as follows:

1.      Admit or deny that on the date of the subject collision, Defendant AHMED WARSAME failed to maintain an assured clear distance between his vehicle and the Plaintiff's vehicle

**ADMIT OR DENY:**


2.      Admit or deny that Defendant AHMED WARSAME was acting in the course and scope of his employment with your company when the subject collision occurred.

**ADMIT OR DENY:**


3.      Admit or deny that Defendant AHMED WARSAME was negligent in the subject collision.

**ADMIT OR DENY:**


4.      Admit or deny that Plaintiffs were not contributorily negligent in the subject collision.

**ADMIT OR DENY:**


5.      Admit or deny that Defendant AHMED WARSAME'S negligence solely and proximately caused some injury to Plaintiffs.

**ADMIT OR DENY:**


6.      Admit or deny that Defendant AHMED WARSAME'S negligence solely and proximately caused the injuries alleged in Plaintiffs' Petition.

**ADMIT OR DENY:**

8.      Admit or deny that Defendant AHMED WARSAME was given a drug and/or alcohol test following the subject collision.

**ADMIT OR DENY:**


9.      Admit or deny that Defendant AHMED WARSAME was never suspended from employment following this collision.

**ADMIT OR DENY:**

10.     Admit or deny that Defendant AHMED WARSAME completed an application for employment or any paperwork prior to the employment by your company.

**ADMIT OR DENY:**


11.     Admit or deny that you contend that there was a defect or failure of the part of any vehicle or equipment involved in the collision.

**ADMIT OR DENY:**

Filed 3/12/2021 2:37 PM
Susan Spradling,
District Clerk                     kk
Hunt County, Texas

CAUSE NO. 89254

| | | |
|---|---|---|
| HOPE GRIFFIS INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF A.L.L., | § | |
| MINOR | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | 196TH JUDICIAL DISTRICT |
| | § | |
| AHMED WARSAME and, | § | |
| CARGO SOLUTION EXPRESS, INC | § | HUNT COUNTY, TEXAS |
|     Defendants. | § | |

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE UNDER RULE 106**

NOW COMES **HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.L. A MINOR,** Plaintiffs in the above entitled and numbered cause, and files this their Motion for Alternate Service pursuant to Rule 106 of the Texas Rules of Civil Procedure on **CARGO SOLUTION EXPRESS, INC.** (hereinafter referred to as "Defendant") and would show unto this Honorable Court:

**I.**

**BACKGROUND**

On October 6, 2020, Plaintiffs filed their Original Petition in this cause and made a request for issuance and service of the citations upon Defendants. On or about October 6, 2020, citation was issued for service on Defendant CARGO SOLUTION EXPRESS, INC. with process through its designated registered agent, Bobby Kang at: 4540 Fisher Road, Columbus, OH 43228. Plaintiff retained the services of Dustin Rine to serve the citation on Defendant CARGO SOLUTION EXPRESS, INC.

On October 9, 2020, Mr. Rine arrived at 4540 Fisher Road, Columbus, OH 43228 to attempt service, he was able to speak to a dispatcher Gulab Singh who stated that the designated registered agent, Bobby Kang is currently out of the country and his return date is unknown. On December 9, 2020 service was attempted again and the same dispatcher Gulab Singh informed Mr. Rine that Mr. Bobby Kang remains out of the country; however, his brother Sammy Kang is in charge of operations until his return.. (See Affidavit - Exhibit A).

1

## II.

As of this filing, Plaintiffs have made concerted efforts to perfect personal service on Defendant CARGO SOLUTION EXPRESS, INC. but said efforts have been ineffective. Therefore, Plaintiffs respectfully ask the Court to allow to obtain service on Sammy Kang. Plaintiffs hereby requests that the Court grant Plaintiffs an order to perfect service on Defendant CARGO SOLUTION EXPRESS, INC. by serving Mr. Sammy Kang at 4540 Fisher Road, Columbus, OH 43228, or in any manner that the affidavit or other evidence before the court shows will be reasonably effective to give Defendant CARGO SOLUTION EXPRESS, INC.  notice of the suit.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully requests the Court to grant service under Rule 106 on Defendant in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,
**LONCAR ASSOCIATES**

By:     */s/ Michael Hindman*
        **Michael Hindman**
        424 South Cesar Chavez Blvd
        Dallas, TX 75201
        (214) 747-0422 – Office
        (214) 393-6565 – Facsimile
        Texas State Bar No.:  24000267
        Email: mhindman@loncarassociates.com

# AFFIDAVIT OF NON-SERVICE

Court Name: Hunt County - 196th District Court

Case Number: 89254

Plaintiff/Defendant: Hope Griffis Individually and as Next Friend of A.L.I, Minor    VS    Ahmed Warsame and Cargo Solution Express, Inc.

Documents Served: Plaintiff's Original Petition and Request for Discovery

Date Documents Received By Process Server: 12/07/2020 at 02:26 p.m.

Date and Time Documents Non-Served: 12/09/2020 at 10:46 a.m.

Person/Entity Documents to be Served Upon: Cargo Solution Express, Inc. By Serving Reg. Agent: Bobby Kang

Address To Be Served: 4540 Fisher Rd. Columbus, OH 43228

Reason For Non-Service: Main Office is in California Where Bobby Kang Resides. Bobby Kang is Currently Out of the Country in India and Subjects Brother Sammy Kang is in Charge of All Operations.

Comments:

10/09/2020 at 11:27 a.m- I spoke to a dispatcher Gulab Singh and was informed that Bobby Kang resides in California. However, Bobby Kang is currently out of the country in India.

12/07/2020 at 2:26 p.m.- Client would like a new round of attempts made as it has been a few months.

12/09/2020 at 10:46 a.m.- Spoke to the same dispatcher Gulab who informed me that Bobby Kang is still out of the country and that his brother Sammy Kang is in charge of operations until he returns. There was no return date of Bobby's return.

Name of Process Server:    Dustin Rine

Address of Process Server: 130 Rome Drive, Pataskala, Oh 43062

State of Ohio:

County of Licking

_Dustin Rine_ personally appeared before me, a Notary Public on this _11th_ day of _December_, 20_20_ and being duly sworn, deposes and state that the following information on the above Affidavit of Service is true and accurate.

Affiant

Notary Public

BRADI M. LAYNE
In and For the State of Ohio
My Commission Expires Feb. 3, 2021

PLAINTIFF'S
EXHIBIT
H

## Case Information

# HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.L., MINOR vs. AHMED WARSAME and CARGO SOLUTION EXPRESS, INC.

89254

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Hunt County - 196th District Court | Civil - Injury or Damage | Motor Vehicle Accident | 10/6/2020 |

| Judge |
|---|
| Bench, J. Andrew |

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | HOPE GRIFFIS | MICHAEL HINDMAN |
| Defendant | CARGO SOLUTION EXPRESS, INC. | |
| Defendant | AHMED WARSAME | |

## Events ⑥

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 10/6/2020 | Filing | Petition | PLAINTIFF?S ORIGINAL PETITION WITH REQUEST FOR DISCOVERY | POP_Discovery.pdf |
| 3/12/2021 | Filing | Proposed Order | | Order 106.pdf |
| 3/12/2021 | Filing | Motion (No Fee) | MOTION FOR SUBSTITUTION OF SERVICE | MOT for Sub of Serv 1.pdf |
| 3/12/2021 | Filing | No Fee Documents | SOLDIERS & SAILORS AFF | Soldiers and Sailors Aff.pdf |
| 4/14/2021 | Filing | No Fee Documents | | Letter to the Clerk.pdf |
| 5/11/2021 | Filing | No Fee Documents | RETURN OF SERVICE | Aff of Service.pdf |


EMPOWERED BY
TYLER TECHNOLOGIES

CAUSE NO. 89254

| | | |
|---|---|---|
| HOPE GRIFFIS INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND OF A.L.L., | § | |
| MINOR | § | |
|    Plaintiffs, | § | |
| | § | |
| V. | § | 196TH JUDICIAL DISTRICT |
| | § | |
| AHMED WARSAME and, | § | |
| CARGO SOLUTION EXPRESS, INC | § | HUNT COUNTY, TEXAS |
|    Defendants. | § | |

## SOLDIERS AND SAILORS CIVIL RELIEF ACT OF 1940

On this day, Michael J. Hindman, personally appeared before me, the undersigned Notary Public, and swears upon his oath that he is the attorney for the Plaintiffs in the above-styled cause, and makes this affidavit pursuant to the provisions of Section 200 of the Soldiers and Sailors Civil Relief Act of 1940; that he has caused a careful investigation to be made to ascertain whether or not the above-named Defendant CARGO SOLUTION EXPRESS, INC. is in the military service of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, the Air Force or an officer of the Public Health Service detailed by proper authority for duty either with the Army or the Navy; and that as a result of said investigation affiant does hereby state that the Defendant is not in any of the above-named branches of the military service and further that the Defendant has not received notice of induction or notice to report for military service.

_____
MICHAEL HINDMAN

SUBSCRIBED AND SWORN to before me this 10th day of March 2021.





Notary Public in and for the State of Texas

SHANTALL OJEDA
My Notary ID # 130540681
Expires February 16, 2024

SHANTALL OJEDA
My Notary ID # 130540681
Expires February 16, 2024

Filed 4/14/2021 11:38 AM
Susan Spradling,
District Clerk
Hunt County, Texas
kk



† Brian Loncar
William E. Hymes
Boyd Richie
David J. LaRue•
Adrian Baca
Brandon Ramsey
Garnett E."Brit"Hendrix,Jr.•
Michael Hindman•

Chad H. Davis
John C. Wren
Valeri Silers Malone♦
Robert Perez•
Matthew Malone
Georginna Del Valle
Stephanie Baenisch•

April 14, 2021

**Via Efile Delivery**
Clerk of Court
196th Judicial District Court
Hunt County

RE:    *Hope Griffis, et al. vs. Ahmed Warsame, et al.*
       Cause No. 89254, 196th Judicial District Court, Hunt County, Texas

Dear Clerk:

On March 12, 2021 Plaintiffs filed their *Motion for Alternate Service Under Rule 106*, with regard to the above referenced and numbered cause.

To date the Proposed Order has not been signed, please let us know if anything else is needed from our office to assist the Judge in making a decision on the Motion.

Thank you for your assistance in this matter. Should you have any questions, please feel free to contact me.

Sincerely,

*Shantall Ojeda*

Shantall Ojeda
Paralegal to Michael J. Hindman

**424 S. Cesar Chavez Blvd, Dallas, Texas 75201**
**214-747-0422 800-285-4878 Fax: 214-393-6566 Email: sojeda@loncarassociates.com**
**www.loncarassociates.com**
•Board Certified–Personal Injury Trial Law–Texas Board of Legal Specialization  •Licensed in Texas and Louisiana ♦Licensed in Texas and Oklahoma † Deceased 1960-2016

Filed 5/14/2021 10:32 AM
Susan Spradling,
District Clerk
Hunt County, Texas    RC

# AFFIDAVIT OF SERVICE

Court Name: <u>HUNT COUNTY- 196TH DISTRICT COURT</u>

Case Number: <u>89254</u>

Plaintiff/Defendant:  <u>HOPE GRIFFIS INDIVIDUALLY AND AS NEXT FRIEND OF A.L.I MINOR</u>        VS.
<u>AHMED WARSAME AND CARGO SOLUTION EXPRESS, INC.</u>

Documents Served: <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY, ORDER</u>
<u>FOR SERVICE UNDER RULE 106</u>

Date Documents Received By Process Server: <u>12/07/2020 at 02:26 p.m.</u>

Date and Time Documents Served: <u>04/15/2021 at 11:20 a.m.</u>

Person/Entity Documents Served Upon: <u>CARGO SOLUTION INC. C/O BOBBY KANG, SAMMY</u>
<u>KANG</u>

Type of Service Made: <u>CORPORATE</u>

Served Upon: <u>PADHU KG</u>

TITLE:  <u>AUTHORIZED AGENT TO ACCEPT SERVICE</u>

Place Served: <u>4540 FISHER ROAD, COLUMBUS, OH 43228</u>


Description of Person Served:  <u>Sex: Female    Race: Middle Eastern Height: 5'0"    Weight: 130</u>

<u>Age: 40    Hair Color: Brown    Glasses:  No</u>

Name of Process Server:    <u>Dustin Rine</u>

Address of Process Server: <u>130 Rome Drive, Pataskala, Oh 43062</u>

State of Ohio:

County of Licking

_Dustin Rine_____ personally appeared before me, a Notary Public on this ___10___
day of __May____, 20_21_, and being duly sworn, deposes and state that the following
information on the above Affidavit of Service is true and accurate.


_____                    _____

Affiant                                                      Notary Public

**KRISTEN A. GROFF**
**NOTARY PUBLIC · STATE OF OHIO**
Recorded in Licking County
My commission expires Mar. 18, 2024

copy from re:SearchTX

NII.12319/MPS/AJS, jph

CAUSE NO. 89254

| | | |
|---|---|---|
| HOPE GRIFFIS, Individually and as | § | IN THE DISTRICT COURT OF |
| Next Friends of A.L.L., A Minor | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | HUNT COUNTY, TEXAS |
| | § | |
| AHMED WARSAME AND CARGO | § | |
| SOLUTIONS EXPRESS, INC. | § | |
| | § | |
| **Defendants.** | § | 196th JUDICIAL DISTRICT |

## DEFENDANT CARGO SOLUTIONS EXPRESS, INC.'S
## ORIGINAL ANSWER AND JURY DEMAND

**COMES NOW, CARGO SOLUTIONS EXPRESS, INC.,** ("Defendant") Defendant named in the above entitled and numbered cause, and file this its Original Answer and Jury Demand and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demand strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE DEFENSES

Defendant affirmatively pleads the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiffs' claims and alleged damages.

Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiffs, if any, were approximately caused in whole or in part by the conduct of Plaintiffs. Defendant asserts they are entitled to a reduction of damages awarded to the Plaintiffs, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

Defendant would show that Plaintiffs are limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

Defendant would show that Plaintiffs are limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

Plaintiffs' injuries, if any, were caused by a subsequent intervening accident, or a previous accident or not associated with Defendants.   This previous or subsequent intervening accident or occurrence is the cause in fact of Plaintiffs' alleged injuries.

### III.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, et seq. of the Texas RULES OF CIVIL PROCEDURE, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2 of the Texas RULES OF CIVIL PROCEDURE.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **CARGO SOLUTIONS EXPRESS, INC** prays that the Plaintiffs take nothing by this suit, that Defendant go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P.

MICHAEL P. SHARP
State Bar No. 00788857
msharp@feesmith.com
ADAM J. STRANGE
State Bar No. 24090763
astrange@feesmith.com
FEE, SMITH, SHARP & VITULLO, L.L.P
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR CARGO SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 14th day of May, 2021.

*Via Email:  wehymes@brianloncar.com*
William E. Hymes
Loncar & Associates
424 S. Cesar Chavez Blvd
Dallas, TX 75201

ADAM J. STRANGE